# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HANS LIEBL,<br><br>Plaintiff,<br><br>v.<br><br>JESTER, et al.,<br><br>Defendants. | No.  1:23-cv-01131-KES-FRS (BAM) (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 31)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jesse Hans Liebl ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983.  Plaintiff's second amended complaint, filed February 23, 2026, is currently before the Court for screening.  (ECF No. 31.)

## I.   Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at High Desert State Prison in Susanville, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Correctional Institution in Tehachapi, California.  Plaintiff names as defendants: (1) David Jester, Correctional Officer; and (2) F. Flores, Lieutenant.

In Claim 1, Plaintiff alleges a violation of his due process right to have a witness interviewed.  Plaintiff was charged with attempted murder, and got it dropped to a battery.  Defendant F. Flores did not interview the requested witnesses.

In Claim 2, Plaintiff also alleges false imprisonment and excessive cruel and unusual punishment.  Plaintiff alleges that he was falsely charged and was a victim of excessive use of power by an officer.  Plaintiff was targeted by Defendant Jester to suffer in pain and agony for almost a year in isolation.  Plaintiff was not involved in any crime.  Plaintiff should be compensated for his due process rights to call witnesses.  Defendant Jester falsely imprisoned Plaintiff.  Defendant Flores did not interview Plaintiff's requested witness.

Plaintiff requests a monetary settlement for pain and suffering, false imprisonment, and due process rights violation.  Plaintiff was falsely targeted, falsely charged, and had no involvement in any way with the allegations.

///

2

III.    **Discussion**

Plaintiff's second amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies.

A.    **Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's second amended complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief.  Plaintiff's allegations are conclusory and do not state what happened, when it happened, or who was involved.  Plaintiff's second amended complaint includes even less information than was provided in the first amended complaint.  Conclusory statements that Plaintiff's rights were violated are not sufficient.

B.    **Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

3

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's second amended complaint fails to link Defendant Jester to any wrongful conduct. Plaintiff must link each individual Defendant to a specific act or omission that violated Plaintiff's rights. It is not sufficient for Plaintiff to allege that each Defendant violated Plaintiff's rights without providing any factual information regarding specific acts or omissions taken by each Defendant that led to the alleged violation.

### C.      Favorable Termination Rule

Although it is not clear from the allegations in the second amended complaint, based on the first amended complaint, Plaintiff is challenging the time he spent in Administrative Segregation before and after his conviction for battery. (*See* ECF No. 10.)

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* (internal citation omitted). It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997).

In *Heck,* the Supreme Court held that in order to recover damages for alleged "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

4

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486.  Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81–82.

In the second amended complaint, Plaintiff again does not allege that his conviction for battery was overturned, reversed, or otherwise called into question.  Plaintiff therefore may not proceed in a civil rights action to challenge the validity of his conviction for battery or the time he spent in Administrative Segregation after he was found guilty.  His exclusive method is by an action for a writ of habeas corpus.

**D.      Fourteenth Amendment – Due Process**

1.      Disciplinary Hearing

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  *Wolff*, 418 U.S. at 563-71.  In addition "[s]ome evidence" must support the decision of the hearing officer.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ."  *Id.* at 455–56 (emphasis added).

5

Plaintiff alleges that Defendant Flores did not interview Plaintiff's requested witness. While Plaintiff does not specify when this occurred, it appears that it was during a disciplinary hearing regarding the battery charge.  As discussed above, this claim appears to be barred by the favorable termination rule.

2.      <u>Administrative Segregation</u>

"Typically, administrative segregation in and of itself does not implicate a protected liberty interest."  *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003); *see also Sandin v. Connor*, 515 U.S. at 472, 486 (discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest.) "[W]hen prison officials initially determine whether a prisoner is to be segregated for administrative reasons due process only requires the following procedures: Prison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated. The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation. Prison officials must allow the prisoner to present his views." *Toussaint v. McCarthy*, 801 F.2d 1080, 1100–01 (9th Cir. 1986) (footnote omitted), abrogated on other grounds, *Sandin*, 515 U.S. 472.

Due process requires that prison officials engage in some sort of periodic review of an inmate's confinement in segregation.  *See Hewitt v. Helms*, 459 U.S. 460, 477 n.9; *Toussaint v. McCarthy*, 801 F.2d at 1101.  These periodic reviews must be more than "meaningless gestures" to satisfy due process.  *See Toussaint v. McCarthy*, 926 F.2d 800, 802–03 (9th Cir. 1990). Although temporary confinement in administrative segregation typically does not implicate a protected liberty interest, imposition of an indeterminate term as a result of a disciplinary charge constitutes a much greater deprivation.  *See Madrid*, 889 F. Supp. at 1271 ("defendants may not confine prison gang members in the SHU, nor hold them there on indeterminate terms, without providing them the quantum of procedural due process required by the Constitution.").

The decision to continue confinement of an inmate pending investigation of misconduct charges depends upon circumstances that prison officials will be well aware of—most typically, the progress of the investigation.  *Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983) (due process

6

requirements for placement in administrative segregation), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995).

Plaintiff alleges that he was falsely charged and found guilty of a crime he did not commit, resulting in him spending almost a year in isolation. As discussed above, it appears this claim is barred by the favorable termination rule.

### E.      False Accusations

To the extent Plaintiff contends that he was falsely charged with a crime he did not commit, the creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at \*6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at \*2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto*, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at \*3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

### IV.     <u>Conclusion and Recommendation</u>

For the reasons discussed, the Court finds that Plaintiff's second amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

**fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 3, 2026**               /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE